The next matter, number 24-1823, Grace I. Rosario-Velazquez versus the Corporacion Educativa Ramon Barquin, et al. At this time, would counsel for the appellant please introduce himself on the record. Good morning. I would like to reserve two minutes for rebuttal. Good morning. My name is Juan Manuel Frontera. I represent the appellant in this case. I would like to reserve two minutes for rebuttal. This case was dismissed by the district court on the 12B6 standard motion to dismiss. The allegations basically are that my client, after 20 years of employment, was fired or terminated from employment after she requested two different occasions and accommodation, a religious accommodation under Title VII as alleged in the complaint. Both affidavits submitted in support of her religious accommodation request were signed by her, establishing her religious objection to the vaccine, COVID-19 vaccine. However, the court dismissed the case on the 12B6 standard, supported by Lowe's versus, I'm sorry. Yes, I want to ask you about Lowe's versus Mills, if we could. You argued, I think, that your case differs from Lowe's because AMA wouldn't have run any risk in accepting the religious exemption without a minister's signature. What do you mean when you say it would not have run any risk? Okay. The court in Lowe's, this court in Lowe's stated that not every accommodation that required an employer to violate state or federal law would be at undue hardship, that this court was not deciding that. The court decided in Lowe's, specifically, the fact of Lowe's are different from this case because in Lowe's, the mandate explicitly excluded any religious accommodation possibility, only recognized the medical accommodation. And the specific mandate and the law in Maine established that a penalty, a criminal penalty and a fine. In this case, the specific administrative order does not include a specific fine or criminal... Yes, so the district court referenced some statutes and executive orders. I understand AMA to say that they would have faced fines and criminal charges. What are we to make of that? Well, that is precisely one of the issues in this case because the record is not well developed. That would be something that the score would be beneficial for the court and the parties in this case because the interpretation of the law made or are absent of the facts. If the employer made every effort or even a little bit of effort to analyze whether accepting the affidavit without the ministerial signature would render any possibility of a penalty against them. We don't know that because the record is not developed. And they are assuming, but there is not a specific defense put forth that will establish that as of the record, within the record. So, our position is that the district court dismissal was untimely, that a record should be developed prior to dismissing the case that the allegations of the complaint complies. Are you disputing that a penalty applied for failure to comply with the order? I'm questioning whether the record is already developed to arrive at that conclusion. Why? Facially, there is a penalty for failure to comply with the order. Not in the administrative order itself. It's in other laws establishing a general penalty not for failing to comply with specific requirements of the affidavit submitted. So, the penalty does not state that if you are subject to a penalty or a criminal procedure, if you accept an affidavit that is a contrary. It's you. You subject yourself to a penalty if you fail to comply with the administrative order. Yes. So, that's a penalty for failure to comply. Are you saying that an employer has to scrutinize and assess the possibility of a penalty vis-a-vis what is submitted by the affidavit? Well, I'm submitting, Your Honor, that this Court already established in laws that not... Let's suppose they will be subject to that penalty. I don't know at this time. Let's suppose clearly they will be subjected to a penalty, a type of penalty. I submit this is not the case exactly as in laws. Because in laws, the order and the law establish clearly that there was no opportunity of a religious exemption. In this case... So, I guess this gets back to Judge Thompson's question. Are you disputing there is a penalty or are you arguing that there is a penalty but it hasn't been established in the record such that we could find undue hardship under the law? There is a penalty in the law, clearly. In the general law, that is cited in the administrative order. But the administrative order itself does not establish specifically whether accepting an affidavit without the ministerial signature derives a penalty. I mean, it's contrary to the rule, right? It's contrary to the law. But at that time, the government did not ask for that requirement from the public employees in the administrative order applying to public employees. So, there was confusion at that time as to whether what applies and when and why and the reasonableness of the inference that they will be subject to a penalty. And I think that a developed record would be better for the court and for my client's rights to put forth her complaint that a developed record would be... Why is the challenge not against the order itself as opposed to the institution that was trying to comply with the order? Because my client at that point was trying to save her employment. She was trying to comply with her religious belief and to comply with the employer requirements. She was trying to preserve her employment and brought forth in the second affidavit her reasons on facts and on law why she believed that the requiring ministerial signature was not lawful at that point in time. Her second affidavit certainly doesn't talk about what her well-held religious beliefs are. It only talks about why she believes that the defendant was not complying with what the law said. Well, the second affidavit in the appendix at page 84 and 85 states that her Christian faith bases that the vaccine is against her beliefs and why she submitted without a minister. So, I think the affidavit complies with the recent decision in this case with De Angelis and the cases that De Angelis supports of expressing a religious belief that will amount to... I'll give you that, but I still think you have trouble on undue hardship. Let's assume legitimate religious belief under De Angelis was established. Well, then I think this case is not laws. It's different to laws. And this case will require this court to state specifically if every possible violation, we don't know that, to a state law or a mandate will be an undue hardship or not. And that was not decided by laws. Thank you. Thank you very much. Thank you, Counsel. At this time, we'd like to hear from the Counsel for the Appellees. Please introduce yourself on the record to begin. Good morning, Your Honors. Attorney David Gonzalez-Casas representing the appellees in this case. If it pleases the court, our position is very simple that the case was properly dismissed at the pleading stage. The particular circumstances do merit that the dismissal was warranted. Can I focus in on this issue of undue hardship? Of course. If I read your brief at pages 20 and 21, you say that noncompliance with AO509B would have exposed the school to serious legal liability. You mentioned criminal charges there and a $5,000 fine. But where in that order does it say that those are the consequences for noncompliance? Either in that order or anywhere else, can I find that? In that specific amendment to the order, it might not reference that, but it is issued under the Puerto Rico Department of Health law. And we have to remember that this was part of a series of orders. Is the Puerto Rico Department of Health law in the record? I don't believe it's expressly included in the record. Is there anywhere in the record that sets out or verifies that there are legal consequences for employers who don't comply with AO509B? Well, the text of the executive orders and administrative orders included, and there were others that were relied upon by the district court that clearly spelled out that there would be consequences. But specifically, what was in the record? Can you give me a citation to the record? I'm not sure at this time, but the ones that were included as the amendment to the motion to dismiss. But the main point... Did the district court take judicial notice of the orders? Yes, in the opinion of an order, they did take judicial notice of the other orders. So, that is available. Health laws that you're referencing? That one wasn't expressly mentioned in the opinion of an order, but there was a previous executive order that did establish specific fines and penalties. But the larger point, Your Honor, is that obviously this is an order issued during a public health emergency. It's not a guideline or suggestion. There are obviously important considerations that have to be followed. Particularly for appellees who weren't operating any business. They were operating a school where they have to look out for the well-being and the safety of the students. And that particular executive order was... There was no confusion. It was specifically addressed to all public and private schools and universities. So, it was directly on point and it had to be followed. There was no discretion. So... Let me ask you this question. What is your strongest argument, do you think, that accommodating Rosario's request to be exempted from the minister's signature constitutes undue hardship to the school, to your client? I would point, Your Honors, to the case in Bazinet where there was an analysis of Lowe v. Mills. In that case, they mentioned that it is unusual for undue hardship to be dismissed at the pleading stage. But I would submit that this is one of those cases. Because as a matter of law, the undue hardship is clear. Frankly, appellant's position that the school would be required to either violate, ignore, or somehow challenge an administrative order in effect at the time... I was wondering about that, too. Could that be undue hardship? One of her fallback positions is the school should have challenged the constitutionality of the order. Are there any cases that describe that type of thing as an undue hardship? Well, the ones that I mentioned, the Lowe v. Mills... No, but I mean... Lowe and Bazinet don't speak to this. I'm asking you to litigate on my behalf the constitutionality of something. We didn't identify anything precisely to that specific scenario, but... Plaintiffs' counsel did not challenge the constitutionality of the requirement, correct? Plaintiffs' counsel did not challenge the constitutionality of the requirement that it be signed by a minister or something, correct? Right, exactly. And again, something else that I think is key to this matter is that the policy was enacted by the government and it wasn't the employer. The school didn't implement these requirements. So, if any constitutional challenge were possible... You'd have to bring in the government also. Obviously, yeah. What Appellant's case basically boils down to, I think, is that she would have her employer, the school, challenge the constitutionality of the signature requirement on her behalf. And that undoubtedly would be an undue hardship. In addition... What would happen... Hypothetically, for example, there's people who have religious beliefs but don't go to any organized church. They wouldn't be able to fit under the statute, correct? Well, that's a possibility, but again, that would be... That was not her situation. She didn't say, I cannot comply with that because I'm my own religion. Right, going back to the Rule 12b6 standard, taking a look at the allegations as presented in the complaint, there's nothing there that would suggest that. In addition, there's no... I mean, the undue hardship requirement is pretty clear because the position that is frankly untenable, that they would require the employer to willingly violate an administrative order in effect at the time, is not an option. At the same time, you can't just ignore it because there's also the concept that there could be potential liability. At this time, during the pandemic, it was entirely possible that there could be a situation where there would be an outbreak among students, something like that, and then if it came out that the school had willfully ignored the administrative order requirements at the time, there could be serious liability. So that could also be another facet of undue hardship. So in that sense, the dismissal at this stage is proper because the dispositive facts are there, they're not in dispute, everything was, so to speak, it was done above board. The plaintiff, I guess in your view, should have done is when this was happening, you can sue the school, but you can seek an injunction and file also, you need to bring the government also. Right, that's a... Right, because if she did have a problem with that signature requirement which could be valid, then obviously her gripe would be with the government who are the ones that imposed it. The school had no discretion, the particular order was aimed directly at schools, so they had to comply and they made every effort to do so, the record is clear. The school did not have an opportunity to challenge it because I assume the school was never fined or charged by the state with violating, you know... No, it never came to that point, but precisely because the school was diligent and made every effort to make sure that all their staff complied. Thank you. Anything else, counsel? Okay, thank you. Thank you very much. Two minutes rebuttal. Reintroduce yourself on the record at the beginning. Thank you. Attorney Juan Mora Frontera on behalf of Avalanche, I want to address the undue hardship issue, I think that's the pinch point of this case. On an undeveloped record, we don't know. The school didn't have to file a suit, they could have communicated with the health department and say that was brought forth in the FBI, say you have this contractory administrative orders for public employees, private employees. We don't know that. In the complaint you're not charging, you're not saying the school could have taken those steps and failure to do that. We are alleging that they failed to come into an interactive process and that they failed to comply with the law. An interactive process with plaintiffs and an interactive process really reasonable and that would not constitute undue hardship was to clarify whether that was they didn't have any discretion or not or if they failed to comply with that they would be subject to a penalty or a criminal penalty. Can I switch the subject? I was a little confused about the retaliation claim in that as I read the record the school reached out to Rosario first and said hey here are the requirements we have to follow and that was before she submitted her affidavits. Given that timing when she's then terminated because she doesn't comply with the thing the school was asking for how is that rightly viewed as retaliation? Well our position as to that is she explained why she felt she didn't have to or she believed she didn't have to a ministerial signature and the day after she submitted that she was terminated. Understood. Thank you very much. Council that concludes argument in this case.